# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov



See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | JULY 06, 2021 |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: M  Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes  ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to)
mparadisi@cicchielloesq.com; and smaloney@cicchielloesq.com

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: MORTENSEN, DASH<br>Address: 85 HIGH VIEW ROAD, SOUUTH WINDSOR, CT 06074 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: CA SENIOR MANAGEMENT, LLC D/B/A ANTHOLOGY SENIOR LIVING<br>Address: 130 E. RANDOLPH STREET, SUITE 2100, CHICAGO, IL, 60601 | D-01 |
| Additional Defendant | Name: AGENT: Corporation Service Company, 100 Pearl Street, 17th Fl., MC-CSC1, Hartford, CT 06103<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

### Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left Matthew D. Paradisi | Date signed 06/03/2021 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

Docket Number

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
|  | C 10 | Construction - State and Local |
|  | C 20 | Insurance Policy |
|  | C 30 | Specific Performance |
|  | C 40 | Collections |
|  | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
|  | E 10 | Redevelopment Condemnation |
|  | E 20 | Other State or Municipal Agencies |
|  | E 30 | Public Utilities & Gas Transmission Companies |
|  | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
|  | M 10 | Receivership |
|  | M 20 | Mandamus |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
|  | M 40 | Arbitration |
|  | M 50 | Declaratory Judgment |
|  | M 63 | Bar Discipline |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |
|  | M 68 | Bar Discipline - Inactive Status |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
|  | M 83 | Small Claims Transfer to Regular Docket |
|  | M 84 | Foreign Protective Order |
|  | M 90 | All other |
| Property | P 00 | Foreclosure |
|  | P 10 | Partition |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | P 30 | Asset Forfeiture |
|  | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | T 03 | Defective Premises - Private - Other |
|  | T 11 | Defective Premises - Public - Snow or Ice |
|  | T 12 | Defective Premises - Public - Other |
|  | T 20 | Products Liability - Other than Vehicular |
|  | T 28 | Malpractice - Medical |
|  | T 29 | Malpractice - Legal |
|  | T 30 | Malpractice - All other |
|  | T 40 | Assault and Battery |
|  | T 50 | Defamation |
|  | T 61 | Animals - Dog |
|  | T 69 | Animals - Other |
|  | T 70 | False Arrest |
|  | T 71 | Fire Damage |
|  | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | V 05 | Motor Vehicles* - Property Damage only |
|  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | V 09 | Motor Vehicle* - All other |
|  | V 10 | Boats |
|  | V 20 | Airplanes |
|  | V 30 | Railroads |
|  | V 40 | Snowmobiles |
|  | V 90 | All other |
|  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | W 90 | All other |

| | |
|---|---|
| RETURN DATE: JULY 6, 2021 | SUPERIOR COURT |
| DASH MORTENSEN | J.D. OF HARTFORD |
| VS. | AT HARTFORD |
| CA SENIOR MANAGEMENT, LLC D/B/A ANTHOLOGY SENIOR LIVING | JUNE 3, 2021 |

## COMPLAINT

1. The Plaintiff in this matter, DASH MORTENSEN ("Plaintiff"), was at all times relevant to this Action a resident of Windsor, Connecticut.

2. The Defendant, CA SENIOR MANAGEMENT, LLC D/B/A ANTHOLOGY SENIOR LIVING ("Defendant"), is a limited liability company with a business address of 130 E. Randolph Street, Suite 2100, Chicago, Illinois 60601.

3. Defendant operates a number of assisted living, independent living, and "memory care" communities throughout the United States under the trade name "Anthology Senior Living," including a community located at 142 Cooper Avenue, Simsbury Connecticut, operating under the name "Anthology of Simsbury."

4. Plaintiff commenced employment with Defendant on or about January 7, 2019 in the position of Executive Director at its Simsbury, Connecticut assisted living facility, Anthology of Simsbury.

5. At all times, Plaintiff performed his work at or above satisfactory levels.

6. Commencing in or about March of 2020, Plaintiff began internally reporting a host of deficiencies in care being administered to residents of Anthology of Simsbury, on behalf of such residents.

7. For instance, as of March 4, 2020, Plaintiff had received multiple reports from separate staff nurses employed by Defendant that Defendant's Director of Health

and Wellness, Cheryl Jackson, had been directly instructing nursing staff to: (a) deliberately not file incident reports for occurrences which were categorically subject to reporting and documenting requirements; draft reports which "downplayed" the seriousness of occurrences; and (c) falsify incident reports. Upon receipt of the foregoing complaints, Plaintiff took statements from such staff members, and reported his findings to Defendant's home office and to Defendant's human resources personnel. Following Plaintiff's initial reports, Defendant took no action in response, and despite Plaintiff continuing to follow up with Defendant management over the course of subsequent weeks, the issue was ignored completely.

8. In other instances, Plaintiff observed that Defendant had allowed staffing levels at Anthology of Simsbury to fall well below what was required in order to ensure residents were being cared for properly. For example, Defendant left the facility so short-staffed that, on occasion, Plaintiff himself—the facility's Executive Director—would be required to undertake assignments or work performed by Certified Nurse Aides ("CNAs"). Due to Defendant's staffing shortages, residents with continence issues were left unchanged and soiled for extended periods of time. Furthermore, resident falls were going unobserved, and were not being timely responded to, with one resident being left prone after a fall-down for a period of 10 hours. Plaintiff continually reported such occurrences to Defendant's management team, on behalf of the residents, with no meaningful response ever being forthcoming.

9. As of November 2020, Defendant employed no Director of Nursing at Anthology of Simsbury, in derogation of State of Connecticut regulations. Accordingly, Plaintiff reported Defendant's noncompliance to the Department of Public Health ("DPH").

10. In response to Plaintiff's repeated complaints concerning both Defendant's failure to comply with staffing ratio regulations, and the concomitant inadequacy of care to Anthology of Simsbury residents, Defendant ignored such complaints, and began to isolate Plaintiff and retaliate against him.

11. By way of example, Plaintiff continually complained that he was forced to work 6-7 days per week, oftentimes working upwards of 20 hours per day, performing work typically assigned to CNAs, maintenance staff, nursing directors, and other personnel. No meaningful response to such complaints were forthcoming. Instead, Defendant began excluding Plaintiff from managerial meetings, failing to notify him of the same, and undermining his management authority.

12. Defendant's retaliatory conduct culminated in Plaintiff's termination on April 1, 2021. On that date, Defendant issued Plaintiff a letter conveying, *inter alia*, that "Anthology Senior Living has accepted your voluntary resignation due to job abandonment effective today, April 1, 2021. We have been unable to reach out via email, phone, or text." This was demonstrably, and unambiguously false.

13. Weeks prior, Plaintiff had procured written approval for paid time off from Eric Benson, Defendant's Regional Vice President of Operations, for March 29, 2021 through April 2, 2021. Specifically, and on March 15, 2021, Plaintiff received a notification through Defendant's "dayforce" software that Benson had approved the foregoing time off request had been approved.

14. Moreover, on March 24, 2021, Plaintiff spoke with his supervisor, specifically to express his appreciation for approving the time off. Furthermore, Plaintiff had informed his staff at Anthology of Simsbury the week prior that he would be out of

work for the March 29, 2021 through April 2, 2021 time period, and had also forwarded an email to staff concerning the same. Finally, and despite the April 1, 2021 termination letter indicating that Defendant had been unable to contact Plaintiff by phone, email, or text, Defendant made no effort whatsoever to contact Plaintiff during his scheduled time off, apart from a singular email from Benson, who had previously approved Plaintiff's time off request.

15. Following Plaintiff's receipt of the April 1, 2021 letter, indicating that Defendant was purportedly accepting Plaintiff's so-called "resignation", Plaintiff attempted to clarify that he was currently out on approved time off, and that the same had been approved by his supervisor in writing.

16. In response, Defendant issued a second termination letter on April 1, 2021, now purporting to change the reason for terminating Plaintiff to unspecified "poor performance."

17. At no time prior to April 1, 2021 had Defendant issued Plaintiff any form of discipline, nor had it even subjected him to a negative performance review or otherwise criticized his ability to perform the functions of his position.

18. Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory intent.

**COUNT ONE:     RETALIATION IN VIOLATION OF C.G.S. § 19a-532**

19. All prior allegations are hereby incorporated in this Count as if fully set forth herein.

20. Defendant operates Anthology of Simsbury as a "residential care home" and/or a "nursing home" within the meaning of C.G.S. § 19a-532.

21. Plaintiff engaged in protected activity by exercising rights afforded to Defendant's residents under C.G.S. § 19a-550, including, *inter alia*, the following:

   a. The right to voice grievances and recommend changes in policy;

   b. The right to advocate for better resident care and increased accountability; and

   c. The right to receive quality care and services.

22. Defendant unlawfully discriminated against, retaliated against, and discharged Plaintiff motivated by Plaintiff having engaged in such protected activity, in violation of Conn. Gen. Stat. § 19a-532.

23. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment.

24. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has been deprived of the benefits of gainful employment into the future.

25. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained significant emotional distress.

**COUNT TWO:      UNLAWFUL DISCHARGE IN VIOLATION OF C.G.S. § 31-51M**

26. All prior allegations are hereby incorporated in this Count as if fully set forth herein.

27. Defendant is an "employer" within the meaning of C.G.S. § 31-51m.

28. Plaintiff is an "employee" within the meaning of C.G.S. § 31-51m.

29. Plaintiff engaged in protected activity by, *inter alia*, reporting to DPH a violation or suspected violation of Sec. 19-13-D8t(j), concerning the requirement that Defendant maintain a Director of Nurses at Anthology of Simsbury.

30. Defendant discharged Plaintiff, motivated by his having engaged in the aforesaid protected activity, in violation of C.G.S. § 31-51m(b).

31. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment.

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

**WHEREFORE, Plaintiff prays for the following relief:**

1. Treble damages pursuant to C.G.S. § 19a-532;

2. Reinstatement, or in lieu thereof, front pay;

3. Attorneys' fees and costs of this Action; and

4. All other awardable relief.

                    PLAINTIFF,
                    DASH MORTENSEN

BY: _____
      Matthew D. Paradisi
      Cicchiello & Cicchiello, LLP
      364 Franklin Avenue
      Hartford, CT 06114
      Phone: 860-296-3457
      Fax: 860-296-0676
      Email: mparadisi@cicchielloesq.com

A TRUE COPY ATTEST
_____
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| | |
|---|---|
| RETURN DATE: JULY 6, 2021 | SUPERIOR COURT |
| DASH MORTENSEN | J.D. OF HARTFORD |
| VS. | AT HARTFORD |
| CA SENIOR MANAGEMENT, LLC D/B/A ANTHOLOGY SENIOR LIVING | JUNE 3, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

PLAINTIFF,
DASH MORTENSEN

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mparadisi@cicchielloesq.com

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON